IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LATONIA AMOS**                                                  **PLAINTIFF**

**v.**                                                     **Civil No. 3:22-cv-709-DPJ-BWR**

**COMMISSIONER OF SOCIAL**                          **DEFENDANT**
**SECURITY**

**REPORT AND RECOMMENDATION**

Plaintiff Latonia Amos (Plaintiff), proceeding in forma pauperis, brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security Administration finding that Plaintiff was not disabled. Compl. [1]; Ex. [10-1] at 66. Defendant Kilolo Kijakazi, Commissioner of Social Security (Commissioner), filed a Motion [9] to Dismiss Plaintiff's Complaint [1] as Untimely. Plaintiff opposed and the Commissioner replied. Pl.'s Opp'n [11]; Def.'s Reply [14]. The undersigned recommends dismissing Plaintiff's Complaint [1] with prejudice.

I.     BACKGROUND

On August 3, 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income. Ex. [10-1] at 2; Def.'s Mem. [10] at 1. An Administrative Law Judge (ALJ) denied Plaintiff's applications in a May 7, 2019 hearing decision. Ex. [10-1] at 3; Def.'s Mem. [10] at 1. Plaintiff filed a civil action in this Court challenging the ALJ's decision. Ex. [10-1] at 3; Def.'s Mem. [10] at 1. On September 3, 2021, this Court reversed and remanded the ALJ's May 7, 2019 decision. Ex. [10-1] at 31; Def.'s Mem. [10] at 1.

1

This Court's remand resulted in another ALJ decision unfavorable to Plaintiff, rendered on August 8, 2022. Ex. [10-1] at 66; Def.'s Mem. [10] at 1. In the Notice of Decision, the ALJ explained that Plaintiff had 30 days to file written exceptions to the ALJ's decision with the Appeals Council. Ex. [10-1] at 50. The ALJ explained that the Appeals Council would assume that Plaintiff received notice of the ALJ's decision within 5 days of the date of the notice, which was August 8, 2022, absent evidence to the contrary. *Id.* The ALJ explained that if Plaintiff did not file written exceptions and if the Appeals Council did not review the ALJ's decision on its own, the decision would become final on the 61st day after the date of notice of the decision. *Id.* at 51. The ALJ explained that after the ALJ decision became final, Plaintiff would have another 60 days to challenge the decision in federal court. *Id.* The ALJ advised that failure to challenge the ALJ's decision in federal court would result in Plaintiff's loss of the right to court review. *Id.* at 51-52.

Plaintiff filed a "request for review of hearing decision" form and a supporting letter with the Appeals Council on September 29, 2022. Pl.'s Mem. [12] at 1; Ex. [10-1] at 74-82. In a declaration signed under penalty of perjury, Lesha Cowell (Cowell), Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration, stated that Plaintiff's "exceptions . . . are still pending" before the Appeals Council. Ex. [10-1] at 4. Plaintiff filed the civil action now before the Court on December 8, 2022. Compl. [1].

The Commissioner argues that the Court should dismiss Plaintiff's suit because Plaintiff filed suit a day late. Def.'s Mem. [10]. Plaintiff responds that

Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX) I-3-1-4 counsels against a dismissal with prejudice, or, alternatively, that Plaintiff is entitled to equitable tolling, making her suit timely. Pl.'s Mem. [12].

## II. DISCUSSION

1. <u>Applicable law</u>

On an initial application for benefits, a claimant must request Appeals Council review of the ALJ's decision within 60 days of receiving that decision if they wish to challenge it. *See* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)(1), 422.210(a). The Appeals Council must give notice to the claimant of its decision on the request for review. 20 C.F.R. §§ 404.967, 416.1467. Only after the Appeals Council decides on the request for review may the claimant seek judicial review of the ALJ decision. 20 C.F.R. § 422.210(a). To judicially challenge an ALJ decision, a claimant must file suit within 60 days of receiving the Appeals Council's notice of its decision on the claimant's request for review. 20 C.F.R. § 422.210(c).

A claimant seeking review of an ALJ decision issued on a judicially remanded application does not need to seek Appeals Council review before filing suit in federal court. *Guidry v. Colvin*, No. 3:16-cv-47-RLB, 2016 WL 6540450, at *3 (M.D. La. Nov. 2, 2016) (citing 20 C.F.R. § 404.984(a)). The claimant may file written exceptions to the ALJ decision within 30 days of the decision. 20 C.F.R. §§ 404.984(b)(1), 416.1484(b)(1). The Appeals Council may also assume jurisdiction over an ALJ decision on a judicially remanded application sua sponte within 60 days of the date of the ALJ decision. *Guidry*, 2016 WL 6540450, at *3 (citing 20 C.F.R. § 404.984(c)).

"[I]f [the Appeals Council] does nothing within those 60 days," and the claimant does not timely file written exceptions, then "the ALJ's decision becomes final by operation of law. In this instance, it is the Appeals Council's inaction that triggers finality (without the need for any additional mailing)." *Id.* The claimant then has 60 days from the date the ALJ decision becomes final to file a civil action. *Id.*

2.  Analysis

    a. *Plaintiff's written exceptions and suit are both late*

First, Plaintiff's written exceptions to the August 8, 2022 ALJ decision were untimely. The ALJ issued the decision that Plaintiff is challenging here on August 8, 2022. Ex. [10-1] at 66. Plaintiff's written exceptions to this decision were due on September 12, 2022, 35 days (5 days delay for receipt plus 30 days to file the written exceptions) after the decision's issuance.[1] *Id.* at 50; 20 C.F.R. §§ 404.901, 404.984(b)(1), 416.1401, 416.1484(b)(1). Since Plaintiff did not file her written exceptions[2] until September 29, 2022, they were untimely. Pl.'s Mem. [12] at 1; Ex. [10-1] at 50; 20 C.F.R. §§ 404.984(b)(1), 416.1484(b)(1).

Second, Plaintiff's suit was untimely. The ALJ's August 8, 2022 decision became final 61 days after the ALJ issued it, on October 8, 2022. 20 C.F.R. §§ 404.984(c) & (d), 416.1484(c) & (d). And under 42 U.S.C. § 405(g), Plaintiff had 60 days from October 8, 2022 to challenge the ALJ decision in this Court. That 60-day

---

[1] There is no record evidence as to when Plaintiff received the ALJ's decision, so the undersigned assumes she received it within 5 days of mailing of the notice of decision. 20 C.F.R. §§ 404.901 & 416.1401. Plaintiff did not previously challenge this assumption.

[2] As noted above, Plaintiff filed a "request for review of hearing decision" form and a supporting letter as opposed to literal written exceptions. Ex. [10-1] at 74-82. The undersigned construes this form submission as written exceptions because a "request for review" was not procedurally available to Plaintiff. *See supra* at pp. 3-4; *infra* at pp. 5-6.

4

period expired on December 7, 2022. Plaintiff did not file suit until December 8, 2022. Compl. [1]. Plaintiff's suit is untimely.

### b. *HALLEX I-3-1-4(B) is inapplicable*

Plaintiff's principal argument relies on the applicability of HALLEX I-3-1-4(B). The Fifth Circuit holds that "while HALLEX does not carry the authority of law, where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required, and if prejudice results from a violation, the result cannot stand." *Morgan v. Colvin*, 803 F.3d 773, 777 (5th Cir. 2015) (internal alterations and quotations omitted) (quoting *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000)). HALLEX I-3-1-4(B) states:

> If a claimant files a civil action while a request for review is pending with the Appeals Council, the program branch will notify CCPRB (or vice versa) and the branch will hold the request for review. CCPRB will take necessary actions to dismiss the civil action. Once the civil action has been dismissed, CCPRB will notify the branch and the branch will continue processing the request for review.

By its terms, HALLEX I-3-1-4(B) only applies when "a request for review is pending with the Appeals Council."

HALLEX I-3-1-4(B) is inapplicable here because there is no request for review currently pending. A request for review is only procedurally available following an ALJ's first decision. *See* 20 C.F.R. §§ 404.967, 404.968, 416.1467, 416.1468, 404.984(a), 416.1484(a); *Guidry*, 2016 WL 6540450, at *3. After a federal court has remanded an ALJ's first decision and that ALJ issues a new decision, a plaintiff may file written exceptions, but the plaintiff may not file a request for review. *See* 20

5

C.F.R. §§ 404.984(a), 416.1484(a); *Guidry*, 2016 WL 6540450, at *3. Because Plaintiff could not file a request for review here, no request for review is pending before the Appeals Council. Thus HALLEX I-3-1-4(B) does not apply and does not provide a reason for this Court to refrain from dismissing Plaintiff's action with prejudice.

The difference between a "request for review" and "written exceptions" is not merely semantic. Both devices fit differently into the procedure for appealing an ALJ decision. With requests for review, a claimant is not permitted to judicially challenge an ALJ decision until they submit a request for review and the Appeals Council has issued a decision on that request for review. 20 C.F.R. § 422.210. HALLEX I-3-1-4(B) is important if a claimant prematurely files a civil action before the Appeals Council has ruled on their request for review because a civil action is not ripe until the Appeals Council rules on the request for review. *See id.* Alternatively, with a post-judicial remand ALJ decision, a claimant need not file written exceptions before seeking judicial review. *Guidry*, 2016 WL 6540450, at *3.

HALLEX I-3-1-4(B) helps prevent premature civil actions challenging initial ALJ decisions. But here, where Plaintiff did not timely file written exceptions and the Appeals Council took no action within 60 days of the post-judicial remand ALJ decision, HALLEX I-3-1-4(B) has no applicability. Upon expiration of those 60 days, the ALJ's decision finalized and Plaintiff's only remaining recourse was to challenge the ALJ decision in this Court. Plaintiff's suit was not premature.

6

      *c. Plaintiff's attempt to distinguish and apply* Workman v. Saul *is unpersuasive*

Outside of the applicability of HALLEX I-3-1-4(B), much of the argument between the parties revolves around *Workman v. Saul*, No. 6:19-cv-326-SPS, 2020 WL 927689 (E.D. Okla. Feb. 26, 2020). In this case, the plaintiff applied for disability insurance benefits and supplemental security income benefits. *Workman*, 2020 WL 927689, at *1. After a hearing, the ALJ issued a hearing decision denying benefits. *Id.* The plaintiff then properly appealed to the United States District Court for the Eastern District of Oklahoma, which reversed the ALJ's decision. *Id.* Post-remand, the ALJ issued a partially favorable decision on July 25, 2018. *Id.* "On September 20, 2018, the [p]laintiff submitted a form to the Appeals Council indicating that he was 'appealing'" the ALJ's July 25, 2018 decision. *Id.* The Appeals Council responded on May 13, 2019 with a request "that the [p]laintiff provide proof that he submitted written exceptions within thirty days of the date he received the ALJ's . . . decision." *Id.* On July 30, 2019, after the plaintiff failed to respond to this request, the Appeals Council "advised him that his September 20, 2018 exceptions were untimely and that the ALJ's July 25, 2018 decision was the final decision of the Commissioner after remand." *Id.* The plaintiff then filed an action in federal court on September 26, 2019 appealing the ALJ's July 25, 2018 decision. *Id.*

The Commissioner argued that the plaintiff's action was untimely. *Id.* at *2. The plaintiff responded "that his September 20, 2018 submission to the Appeals Council was a request for review (as opposed to written exceptions) and as such, the

7

Appeals Council was required to notify him of the action it was taking in order for the Commissioner's decision to be final." *Id.*

The court held that the plaintiff's action was untimely and dismissed it with prejudice. *Id.* at *2-3. The court explained that plaintiff's September 20, 2018 submission to the Appeals Council, which it construed as written exceptions, was untimely because it was made more than 30 days after the ALJ's post-remand decision. *Id.* at *2. And "[b]ecause the [p]laintiff did not timely file written exceptions and because the Appeals Council did not assume jurisdiction on its own authority, the ALJ's July 25, 2018 decision became the final decision of the Commissioner after sixty-one days, or on September 24, 2018." *Id.* From September 24, 2018, plaintiff had 60 days to file a timely action in federal court. *Id.* The plaintiff filed his action outside of this time frame and thus his action was untimely. *Id.*

*Workman*, although persuasive, cements the undersigned's conclusion that Plaintiff's suit is untimely. It re-affirms that Plaintiff was late under the applicable deadlines. *Id.* at *1-3; *see supra* at pp. 4-5.

Plaintiff attempts to distinguish *Workman* on several grounds. First, Plaintiff asserts that because her action is "premature" under HALLEX I-3-1-4(B), Plaintiff's case is distinguishable from *Workman*. Pl.'s Mem. [12] at 3-4. But as explained above, HALLEX I-3-1-4(B) is inapplicable here. *See supra* at pp. 5-6. This holds true legally in the face of Cowell's sworn declaration. *Guidry*, 2016 WL 6540450, at *3; *Workman*, 2020 WL 927689, at *2-3 ("[T]he Appeals Council is not required to take any action

before a Plaintiff is permitted to seek judicial review of the ALJ's decision on remand."); Ex. [10-1] at 4.

Next, Plaintiff claims that the Appeals Council should have notified Plaintiff regarding the timeliness of her written exceptions like the Appeals Council did in *Workman*. Pl.'s Mem. [12] at 4. Plaintiff looks to HALLEX I-3-4-2(B) for support here. *Id.* HALLEX I-3-4-2(B) states that "[w]hen an explanation for an untimely filing is not in the file, Office of Appellate Operations . . . staff will prepare a letter to the claimant and representative, if any, requesting an explanation for untimely filing." Just like with HALLEX I-3-1-4(B) though, HALLEX I-3-4-2, entitled "Request for Review Not Timely Filed," applies to requests for review, not written exceptions. HALLEX I-3-4-2(A), 1993 WL 643134 (2005) ("The Appeals Council may dismiss an untimely filed request for review. A request for review must be filed within 60 days of the date the claimant receives an ALJ's decision or dismissal or within any extension of time granted by the Council.")

Regardless, Plaintiff argues that the Appeals Council followed HALLEX I-3-4-2(B)'s procedure in *Workman* while it did not here. *Workman* itself belies this argument. 2020 WL 927689, at *1. In *Workman*, the Appeals Council did not "prepare a letter to the claimant and representative . . . requesting an explanation for untimely filing." *Id.*; HALLEX I-3-4-2(B), 1993 WL 643134. Instead, the *Workman* Appeals Council "requested that the [p]laintiff provide proof that he submitted written exceptions within thirty days of the date he received the ALJ's . . . decision." 2020 WL 927689, at *1. The *Workman* Appeals Council did not follow HALLEX I-3-4-2(B). *Id.*

9

The *Workman* Appeals Council requested proof of a timely filing, not an explanation for the untimely filing. *Id.* Thus not only is HALLEX I-3-4-2(B) inapplicable by its plain meaning and title, but the Appeals Council in *Workman* also did not follow it. Plaintiff's HALLEX I-3-4-2(B) argument is unpersuasive.

Finally, Plaintiff's appeal to "Best Practices for Claimants' Representatives" is unpersuasive. Pl.'s Mem. [12] at 5-6; *Best Practices for Claimants' Representatives*, SSA, 4.11, [hereinafter *Best Practices*], https://www.ssa.gov/appeals/best_practices.html (last updated Apr. 2023). Plaintiff quotes section 4.11 of *Best Practices*, which states:

> A representative has access to a [Claimant's Electronic File (CEF)] for 90 days after the [Appeals Council] completes action in a case. During the 90 days, only the representative recorded in our case control system at the time the case was closed has access to the CEF. If the claimant obtains a new representative to file a civil action, the new representative will not have access to the claimant's CEF.

*Best Practices, supra*. Plaintiff's counsel states that he "closely monitored [the] request for review on file in [Electronic Records Express (ERE)] as part of [CEF]. [He] observed it on file in the CEF on ERE in December 2022, but 60 days later in February 2023, [he] no longer had any access to Claimant's CEF." Pl.'s Mem. [12] at 5. This loss of access allegedly "thwarted" Plaintiff's counsel's attempts to stay informed on Plaintiff's case and violated section 4.11 of *Best Practices*. *Id.*

By title, *Best Practices* is only a guide for claimants' representatives. *Best Practices, supra*. Plaintiff has made no showing that *Best Practices* is binding on this Court or the Social Security Administration. *Best Practices* is persuasive at best and does not alter the undersigned's recommendation herein.

### d. *Plaintiff is not entitled to equitable tolling*

Finally, Plaintiff argues that equitable tolling applies. "Courts may only toll the statute of limitations in rare cases . . . when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Davis-Moab v. Comm'r of Soc. Sec.*, No. 2:18-cv-204-KS-JCG, 2019 WL 7790391, at *2 (S.D. Miss. Oct. 29, 2019), *R. & R. adopted*, 2020 WL 475830 (S.D. Miss. Jan. 29, 2020) (alteration in original) (internal quotations omitted) (quoting *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990)). "Plaintiff must show that he 'has pursued his rights diligently but some extraordinary circumstances prevent[ed] him from bringing a timely action.'" *Id.* (quoting *Lozana v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).

For example, in *Marse v. Dep't of Health & Hum. Servs.*, the Fifth Circuit held that equitable tolling did not apply where the plaintiff was seven days late in challenging an ALJ decision in federal court. 999 F.2d 1579, 1993 WL 307916, at *1 (5th Cir. 1993) (unpublished table decision) (per curiam). In *Marse*, the plaintiff's complaint challenging the applicable ALJ decision was due on May 6, 1991. *Id.* The plaintiff did not file the complaint until May 13, 1991. *Id.* The defendant moved to dismiss. *Id.* While recognizing his untimeliness, the plaintiff asked the court to excuse his untimeliness because:

> (1) he believed that his ownership of an unencumbered home ruled out an *in forma pauperis* status and he could not obtain the filing fee before expiration of the limitations period; and (2) the district court refused on May 10, 1991 to accept a filing without the required fee or to permit payment of the fee in installments.

11

*Id.* The magistrate judge recommended tolling the limitations period but the district judge denied this recommendation and dismissed the case. *Id.* The plaintiff then motioned for reconsideration and argued "that he and his attorney both suffered physical and mental illnesses before and after expiration of the limitations period." *Id.* After the court denied reconsideration, the plaintiff filed documents in the record evidencing his mother's death during the limitations period. *Id.* Still, the Fifth Circuit firmly held: "it is only a rare social security case which will present equities strong enough to toll limitations. The instant case does not present the requisite compelling equities." *Id.*

Plaintiff has not attempted to show any "extraordinary circumstances" that support the application of equitable tolling and cites no cases in her favor. *See id.*; *Davis-Moab*, 2019 WL 7790391, at *2; Pl.'s Mem. [12] at 6. Without any explanation for Plaintiff's untimeliness, this case does not match the circumstances shown in *Marse*. 1993 WL 307916, at *1. And in *Marse*, the Fifth Circuit held equitable tolling did not apply. *Id.* While the Court is cognizant of the fact that Plaintiff filed her Complaint [1] one day late, the undersigned also recommends finding that equitable tolling does not apply here. *See, e.g., Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437-38 (6th Cir. 2007) (finding equitable tolling did not apply to a complaint that the plaintiff filed one day late and affirming the district court's dismissal of that complaint); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 338-40 (S.D.N.Y. 2002) (dismissing a complaint filed one day late and holding that equitable tolling did not apply); *White v. Colvin*, 150 F. Supp. 3d 361, 364 (D. Del. 2015) (same).

*e. The undersigned recommends a dismissal with prejudice*

Plaintiff requests that the Court dismiss this action without prejudice if it finds that dismissal is appropriate. Pl.'s Mem. [12] at 3-4. Plaintiff bases her request on the notion that her action is premature. *Id.* For the reasons above, the undersigned recommends finding that Plaintiff's action is late rather than premature. *See supra* at pp. 4-6, 8-10; *see also, e.g.*, *Evon D. H. v. Kijakazi*, No. 2:22-cv-1018-CJW-KEM, 2023 WL 7928704, at *5 (N.D. Iowa Sept. 27, 2023) (citing *McMackins v. Saul*, No. 4:19-cv-775-BRW-BD, 2020 WL 2561940, at *2 (E.D. Ark. May 19, 2020), *R. & R. adopted*, 2020 WL 2952973 (E.D. Ark. June 3, 2020)) ("[U]ntimely written exceptions are treated as if no exceptions have been filed at all, and the ALJ's decision automatically becomes final after sixty days with no action by the Appeals Council."), *R. & R. adopted*, 2023 WL 6939305 (N.D. Iowa Oct. 20, 2023); *Jack v. Saul*, No. 5:19-cv-2272-JG, 2021 WL 4342003, at *5 (N.D. Ohio Jan. 27, 2021) (quoting *Jennifer N. v. Saul*, No. 5:18-cv-957-BKS-TWD, 2020 U.S. Dist. LEXIS 117161 (N.D.N.Y. Mar. 17, 2020), *R. & R. adopted*, 2020 WL 3602997 (N.D.N.Y. July 2, 2020)) ("Notably absent from the regulations considering cases on remand is any method to allow the [Appeals Council] to consider untimely written exceptions."), *R. & R. adopted sub nom.* 2021 WL 3360984 (N.D. Ohio Aug. 3, 2021). Even if the Appeals Council were to eventually respond to Plaintiff's untimely written exceptions, that would not change that Plaintiff's suit is late under the applicable rules. Thus Plaintiff's action is time-barred and any subsequent re-filing of this action would likewise be time-barred. A dismissal without prejudice is not warranted.

### III.   RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the Commissioner's Motion [9] to Dismiss and dismissing this case with prejudice.

### IV.   NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. CIV. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 10th day of April, 2024.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE