UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATONIA AMOS                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:22-CV-709-DPJ-BWR

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

ORDER

Latonia Amos seeks judicial review of the Commissioner of Social Security's finding that she is not disabled.  Compl. [1].  The Commissioner moved to dismiss the Complaint as untimely.  Mot. [9].  United States Magistrate Judge Bradley W. Rath, in his Report and Recommendation [20], recommends granting the motion to dismiss.  Amos filed an Objection [21], and the Commissioner filed a Response [23].  *See* Order [22] (directing the Commissioner to respond).  Then, in response to the Court's Order [24], Amos filed two Status Reports [25, 26].  Having considered the parties' filings, the Court adopts Judge Rath's Report and Recommendation [20]; the Commissioner's motion to dismiss [9] is granted.

I.      Background

The Commissioner contends Amos filed this civil action too late, and Judge Rath agreed.

A.      ALJ Decision

In 2019, an Administrative Law Judge (ALJ) denied Plaintiff's 2017 application for disability insurance benefits and supplemental security income.  R&R [20] at 1.  Plaintiff sought judicial review, and in 2021, this Court reversed and remanded the ALJ's decision.  *Id.*  On August 8, 2022, the ALJ rendered a second unfavorable decision.  *Id.* at 2.  In the Notice of Decision, the ALJ alerted Plaintiff as to the process for challenging the decision.  Exh. [10-1] at 50.

- "If you disagree with my decision, you or your representative may submit written exceptions to the Appeals Council." *Id.*

- "You must file your written exceptions with the Appeals Council **within 30 days** of the date you get this notice.  The Appeals Council assumes that you got this notice within 5 days after the date of the notice unless you show that you did not get it within the 5-day period." *Id.*

- "If you need more time to file your written exceptions, you must file a written request with the Appeals Council." *Id.*

- "The Appeals Council may review the decision even if you do not file written exceptions.  The Appeals Council will notify you within 60 days of the date of this notice if it decides to review your case." *Id.* at 51.

The ALJ explicitly addressed the timeline for filing an action in federal court.  *Id.*

### Filing An Action In Federal District Court

If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice.  After my decision becomes final, you will have 60 days to file a new civil action in Federal district court.  You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final.  However, you can ask the Appeals Council to give you more time to file a civil action.  The Appeals Council will grant your request for more time only if you can show a good reason for needing more time.  We will not send you any more notices about your right to file in Federal district court.

*Id.*  The Notice closed with a final warning, "If you think my decision is wrong, you should file your exceptions within 30 days or file a new civil action between the 61st and 121st days after the date of this notice." *Id.* at 51–52.

B.      Filings by Amos

Amos filed a "request for review of hearing decision" form and a supporting letter with the Appeals Council on September 29, 2022.  R&R [20] at 2.  Judge Rath construed this as her

written exceptions and concluded it was late.  *Id.* at 4 (calculating the due date as September 12, 2022).[1]  In other words, it was as if Amos never filed written exceptions.

Judge Rath then calculated the deadline to file a civil action.  *Id.*  First, the ALJ's decision became final on October 8, 2022—61 days after it was issued.  *Id.*  Second, Amos had until December 7, 2022—60 days from October 8—to file a civil action.  *Id.* at 4–5.  Her lawsuit, filed December 8, 2022, was therefore untimely.  *Id.* at 5.

In response to the Commissioner's motion to dismiss, Amos advanced two arguments: (1) the Hearings, Appeals, and Litigation Law Manual (HALLEX) "counsels against a dismissal with prejudice" and (2) she is entitled to equitable tolling.  *Id.* at 3.  Judge Rath rejected both arguments, recommending dismissal with prejudice as untimely.  *Id.* at 5–14.

## II.    Analysis

In her Objection, Amos appears to abandon the HALLEX argument, but she objects to Judge Rath's denial of equitable tolling.

### A.    Equitable Tolling

Amos filed her civil action one day late, but she asks the Court to apply equitable tolling and forgive her untimeliness.  Obj. [21] at 1.

> Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

---

[1] As explained by Judge Rath, a request for review is "procedurally available following an ALJ's first decision."  *Id.* at 5.  When an ALJ issues a second decision after remand, "a plaintiff may file written exceptions, but the plaintiff may not file a request for review."  *Id.*

*Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (quoted in *English v. Colvin*, No. 1:14-CV-311-JCG, 2016 WL 4148391, at *2 (S.D. Miss. Aug. 4, 2016)).  "Plaintiff must show that he 'has pursued his rights diligently but some extraordinary circumstances prevent[ed] him from bringing a timely action.'"  *Davis-Moab v. Comm'r of Soc. Sec.*, No. 2:18-CV-204-KS-JCG, 2019 WL 7790391, at *2 (S.D. Miss. Oct. 29, 2019) (quoting *Lozana v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).

Amos explains that, because she applied to proceed in forma pauperis with her civil complaint, her only options were to mail the filing or deliver it in person.  Obj. [21] at 1.  Since her counsel's office is 50 miles from the courthouse, he opted to place the complaint in the mail on December 5, 2022, with a "reasonable expectation" that it would arrive on or before December 7, 2022.  *Id.*  She cites no legal authority suggesting that a decision to rely on the United States Postal Service creates an extraordinary circumstance for which equitable tolling applies, and Judge Rath concluded that it does not.  Notably, Amos's IFP application [2] was signed on December 2, 2022, IFP Application [2] at 2, and counsel signed the civil cover sheet [1-1] on November 1, 2022.  Yet counsel waited until December 5 to mail the filing, with a deadline looming.  Amos has not shown that extraordinary circumstances prevented a timely filing despite her diligence.

Amos also suggests that her counsel's inability to access her Claimant's Electronic File (CEF) on Electronic Records Express (ERE) "for a period of time" warrants equitable tolling.  Obj. [21] at 2.  She claims this impeded his "ability to monitor the status of [her] pending exceptions before the Appeals Council."  *Id.*  But in her response to the motion to dismiss, she says counsel could access the ERE in December 2022, "but 60 days later in February 2022, [he]

no longer had any access[.]"  Pl.'s Resp. [12] at 6 (filed March 16, 2023).  Counsel's inability to

access the ERA after filing suit does not warrant equitable tolling.

      B.    Appeals Council Update

      Judge Rath concluded that Amos's written exceptions were untimely, though he noted

that they were still pending before the Appeals Council.  R&R [20] at 2 (citing declaration of

Lesha Cowell, Exh. [10-1] at 4).  On February 27, 2024, Amos received a letter from the Appeals

Council.  Letter [23-1] (attached to Defendant's Reply).

> On September 26, 2022, we received exceptions explaining the reasons you
> disagree with the Administrative Law Judge's decision dated August 8, 2022.
>
> Under our rules, you must file exceptions or ask for more time to do so within 30
> days of the date you receive the Administrative Law Judge's decision.
>
> Based on the date of the Administrative Law Judge's decision, it does not appear
> that you acted timely.
>
> **What You Must Do**
>
> > You must show that you filed exceptions within 30 days of the date of you
> > received the Administrative Law Judge's decision.
> >
> > You must send us proof that you sent us exceptions on time.

*Id.* at 1 (unaltered).

      In her Objection, Amos explained that she "responded to this request" and, relying on this

Appeals Council letter, asked the Court to dismiss the case without prejudice.  Obj. [21] at 2.  As

she put it, if the Appeals Council finds the exceptions were timely and denies her exceptions on

the merits, she should *then* be able to bring a civil action in federal court.  *Id.* at 3.

      Since then, the Appeals Council responded:

> We have considered the reasons you believe we should find that you timely filed
> exceptions to the Administrative Law Judge's decision dated August 8, 2022,
> which provided for 30 days to submit exceptions.  On February 27, 2024, we
> requested proof that you submitted timely exceptions.  In your March 20, 2024

response letter, you confirmed that the exceptions were submitted on September 26, 2022.

Accordingly, we find that you did not file exceptions with us or ask for more time to do so within 30 days of the date you received the Administrative Law Judge's decision.

**What This Action Means**

The Administrative Law Judge's decision is the final decision of the Commissioner of Social Security after remand by the court.

Letter [26-1] (dated July 11, 2024). In other words, the Appeals Council—like Judge Rath—determined that Amos's exceptions were late.[2]

As Judge Rath concluded, it was as if she never filed exceptions at all. *See* R&R [20] at 13 (citing *Evon D. H. v. Kijakazi*, No. 22-CV-1018, 2023 WL 7928704, at *5 (N.D. Iowa Sept. 27, 2023) ("Importantly, however, untimely written exceptions are treated as if no exceptions have been filed at all, and the ALJ's decision automatically becomes final after sixty days with no action by the Appeals Council.")); *see also McMackins v. Saul*, No. 4:19-CV-775, 2020 WL 2561940, at *2 (E.D. Ark. May 19, 2020) ("Here, because Mr. McMackins filed untimely exceptions to the ALJ's December 13, 2018 decision and the Appeals Council did not assume jurisdiction, the ALJ's decision became the final decision of the Commissioner on the 61st day after the decision, *i.e.*, February 12, 2019.").

Judge Rath correctly calculated Amos's deadline to file a civil action. The ALJ's decision became final on October 8, 2022—61 days after it was issued. Amos had until December 7,

---

[2] Amos mentions *Smith v. Berryhill*, 139 S. Ct. 1765 (2019), in her Objection, though she admits it is an imperfect fit. *Smith* considered a request for review of a first decision, not optional written exceptions challenging a second decision. Obj. [21] at 3; *see* Reply [23] at 5 (noting that a request for review is required before filing a civil action in a first review but "with a post-judicial remand ALJ decision, a claimant need not file written exceptions before seeking judicial review"). *Smith* is distinguishable and does not change the Court's conclusion. 139 S. Ct. 1765.

2022—60 days from October 8—to file a civil action.  Her lawsuit, filed December 8, 2022, is therefore untimely.

III.    Conclusion

The Report and Recommendation [20] of United States Magistrate Judge Bradley W. Rath is adopted as the opinion of the Court.  Respondent's motion to dismiss for untimeliness [9] is granted.  This action is dismissed with prejudice.

A separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE